# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONALD JEFFERY,<br><br>                             Plaintiff,<br>vs.<br><br>ONEMAIN FINANCIAL GROUP, LLC., a corporation, and DOES 1 to 10, inclusive,<br><br>                    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>   **1. TCPA, 47 U.S.C. § 227**<br>   **2. Intrusion Upon Seclusion**<br><br><br>Demand Exceeds $10,000 |

## COMPLAINT FOR DAMAGES

### I.     INTRODUCTION

1.     Donald Jeffery ("Plaintiff") brings this action against OneMain Financial Group, LLC. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and for Intrusion Upon Seclusion. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3.     Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III. PARTIES

4. Plaintiff is a natural person residing in Carl Junction, Jasper County, Missouri.

5. Upon information and belief, defendant OneMain Financial Group, LLC. can be served with process by serving the C T Corporation System located at 120 South Central Avenue, Clayton, MO 63105.

6. Upon information and belief, the telephone numbers (417) 883-5525 and (417) 624-2224 belong to Defendant.

7. Within the last one (1) year, Defendant attempted to collect on consumer debt(s) from Plaintiff.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

9. Defendants are attempting to collect alleged consumer debts from Plaintiff.

10. Between January 26, 2017 and May 21, 2017, Defendant caused Plaintiff's cellular telephone number (417) 529-0703 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

11. On January 26, 2016 at 9:59 a.m., Plaintiff Donald Jeffery ("Mr. Jeffery") received a phone call from telephone number (417) 624-2224. Mr. Jeffery answered the call and unequivocally revoked consent to be contacted on his cellular phone.

12. When Mr. Jeffery answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

13. The telephone number (417) 624-2224 belongs to or was used by Defendant, and upon information and belief, the calls were made in an attempt to collect on an Account.

14. When Mr. Jeffery answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

15.  On February 14, 2017 at 6:22 p.m., Mr. Jeffery received yet another call from Defendant on his cellular telephone.  Mr. Jeffery answered this call, from telephone number (417) 883-5525, and again unequivocally revoked consent to be contacted on his cellular telephone.

16.  When Mr. Jeffery answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

17.  The telephone number (417) 624-2224 belongs to or was used by Defendant, and upon information and belief, the calls were made in an attempt to collect on an Account.

18.  On March 21, 2017 at 1:23 p.m., Mr. Jeffery received another call from Defendant on his cellular telephone.  Mr. Jeffery answered this call, from telephone number (417) 624-2224, and again unequivocally revoked consent to be contacted on his cellular telephone.

19.  When Mr. Jeffery answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

20.  After the January 26, 2017 call, Plaintiff received approximately fifty-five (55) additional calls from telephone numbers (471) 883-5525 and (471) 624-2224 after multiple requests that Defendant stop calling him.

21.  Defendants called Plaintiff up to six (6) times a day using a predictive dialer to predict when he would be able to answer his phone.

22.  Upon information and belief, the telephone numbers (417) 883-5525 and (417) 624-2224 belong to Defendant.

23.  The purpose of the repeated phone calls was an attempt to collect an alleged debt.

24.  Defendant is familiar with the TCPA.

25.  Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

- 3 -
COMPLAINT FOR DAMAGES

26.     Plaintiff suffers from Post-Traumatic Stress Disorder (PTSD) and the approximately fifty-five (55) phone calls placed from Defendant to Plaintiff's cellular phones caused Plaintiff extreme emotional distress and aggravation, and interrupted his ability to function on a day-to-day basis.

## V.     CAUSE OF ACTION
## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

29.     The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

30.     Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

31.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

32.     Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

33.     Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

34.     Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

35.     Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

36.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## (Intrusion Upon Seclusion)

37.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

38.    Plaintiff's personal affairs are a secret and private subject matter.

39.    Plaintiff has the right to keep his personal affairs secret.

40.    Defendant's repeated phone calls in an attempt to coerce Plaintiff to pay an alleged debt after being told, repeatedly, to stop calling him on his cellular telephone is an intrusion upon Plaintiff's personal affairs which is objectionable to a reasonable man.

41.    Defendant is aware or should have been aware that continuing to call Plaintiff after being told four (4) separate times to stop is offensive to persons of ordinary sensibilities.

42.    Defendant's behavior described above goes beyond the limits of decency.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donald Jeffery respectfully requests that judgment be entered against Defendant for the following:

(a)    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(b)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(c)    For such other and further relief as the Court may deem just and proper.

## VII.    DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands a trial by jury in this action.

COMPLAINT FOR DAMAGES

1

2   Dated: January 3, 2018

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

2

3

4

5

6

7

8

1

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

By: _/s/ Mark D. Molner_

     Mark D. Molner Mo# 62189
     **Attorney for Plaintiff**
     **Donald Jeffery**

- 7 -
COMPLAINT FOR DAMAGES